UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| **KENNETH THOMAS,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07-5459 (PGS) |
| | : | |
| | : | |
| | : | **OPINION AND ORDER** |
| **KOS PHARMACEUTICALS, INC.,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**SALAS, United States Magistrate Judge**,

**I.     INTRODUCTION**

Currently before the court is an application by Plaintiff Kenneth Thomas ("Plaintiff") for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's request is **DENIED WITHOUT PREJUDICE.**

**II.    BACKGROUND**

In May 2002, Kos Pharmaceuticals, Inc. ("Defendant") hired Plaintiff as a pharmaceutical technician. Defendant terminated Plaintiff's employment on November 19, 2004. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division of Civil Rights on April 28, 2005, and then he filed a *pro se* complaint in New Jersey Superior Court on October 1, 2007. He claims that he was

discriminated against based on race in violation of state and federal law.[1]  Defendant removed the case on diversity grounds on November 12, 2007.

On June 23, 2008, Plaintiff submitted an application requesting appointment of *pro bono* counsel.  Plaintiff states that he is entitled to counsel because: (1) he "has the lack of ability to present an effective case without an attorney;" (2) he is unemployed; and (3) he does not have the resources.  (App. for *Pro Bono* Counsel, Docket Entry No. 11).

### III.  DISCUSSION

It is well established in the Third Circuit that an indigent civil litigant does not possess a constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)).  By enacting 28 U.S.C. § 1915(e)(1), Congress gave district courts the power to request counsel for civil litigants, though a court cannot force an unwilling attorney to serve as counsel.  *Id.*  A district court's power to appoint counsel, however, is discretionary and may be exercised at any point during the litigation proceedings.  *Tabron v. Grace,* 6 F.3d 147, 154, 156 (3d Cir. 1993); s*ee also Montgomery*, 294 F.3d at 498.

In a trilogy of decisions, the Third Circuit has set forth the necessary two-step analysis to conduct in deciding whether or not to grant a request for *pro bono* counsel.  *See Tabron,* 6 F.3d 147; *Parham*, 126 F.3d 454; *Montgomery*, 294 F.3d 492.  The first step of the analysis is to determine "whether the claimant's case has some arguable merit in fact and law."  *Montgomery*,

---

[1] Additionally, Plaintiff may state a claim for defamation of character, although his complaint is unclear as to whether that is actually the case.  For purposes of the present request, the court will analyze only the discrimination claims.

294 F.3d at 499; *see also Tabron*, 6 F.3d at 155 and *Parham* 126 F.3d at 457.  If the claimant surpasses this initial threshold question, the district court must then conduct a multi-factor balancing test, in which it weighs the following:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and
> (6) the plaintiff's capacity to retain counsel on his own behalf.

*Tabron*, 6 F.3d at 155-57.

These factors are not all-encompassing and are meant merely to guide district courts in their analyses.  *Parham*, 126 F.3d at 457 ("... this list of factors is not exhaustive, but should serve as a guidepost for the district courts.").  The court must also remember that volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d. at 457).  Moreover, requests for *pro bono* counsel out-weigh the available *pro bono* lawyer time; therefore, granting a request for *pro bono* counsel is no guarantee that the litigant will receive *pro bono* representation.  *Id.*  Finally, "where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel."  *Parham*, 126 F.3d at 461.

### A.     Threshold Analysis

First, as a threshold matter, the court must assess whether Plaintiff's complaint, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the New

Jersey Law Against Discrimination has "some arguable merit in fact and law." *Parham,* 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155). Generally *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007) *(citing Conley v. Gibson*, 355 U.S. 41 (1957)); *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007). And the Supreme Court has rejected the notion of requiring a heightened pleading standard for Title VII employment discrimination cases. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (finding that a heightened pleading standard would conflict with Federal Rule of Civil Procedure 8(a)(2) which states that a complaint must include "only a short and plain statement of the claim showing that the pleader is entitled to relief.").

Here, Plaintiff clears the "arguable merit in fact and law" bar. After the EEOC reviewed Plaintiff's complaints, it requested a rebuttal statement containing additional information regarding the allegations. Plaintiff's response letter outlines specific circumstances giving rise to his discrimination claim. (Notice of Removal, Docket Entry 1 at 11-15). Plaintiff, who is African-American, claims that he was treated unfairly compared to his Caucasian co-workers. For instance, he claims that he was written up for not completing an assignment in a timely manner, while a Caucasian coworker was not written up for the same behavior. *Id.* Given the specific instances outlined by Plaintiff, his complaint satisfies this basic threshold requirement.

   **B.**  **Application of the *Tabron* post-threshold factors**

     **1.**  **Plaintiff's ability to present his own case**

A plaintiff's ability to present his or her own case is the most important of the post-threshold factors. *Montgomery*, 294 F.3d at 501; *see also Tabron,* 6 F.3d at 156 (describing the

plaintiff's ability to present his or her own case as "a significant factor"). The Third Circuit offers the following considerations for district courts to analyze when weighing this factor:

> We have identified a number of factors that courts should consider in determining a plaintiff's ability to present her own case. These include the plaintiff's education, literacy, prior work experience, and prior litigation experience, 'along with a plaintiff's ability to understand English . . .'

*Montgomery*, 294 F.3d at 501 (citing *Tabron*, 6 F.3d at 156).

Here, Plaintiff does not offer any specific information about his education. It appears from the papers filed with the court that he is literate, fluent in English, and communicates efficiently. Additionally, Plaintiff worked as a pharmaceutical technician for Defendant. Without further information about his education, this indicates at minimum a basic level of education, and more likely, some advanced training. Given his education and the thorough letter written to the EEOC, the court is confident that Plaintiff has the ability to present his case. Therefore, this factor weighs against appointment of *pro bono* counsel.

### 2. The complexity of the legal issues

The Third Circuit has stressed the need for district courts to consider the complexity of the legal issues in determining whether or not to request counsel for an indigent civil litigant. *Tabron*, 6 F.3d at 156. ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a legal issue presented by those trained in legal analysis."). Plaintiff's factual claims appear to be easy to understand and straight-forward at this point in the proceedings. Moreover, employment discrimination claims have been litigated often, resulting in ample ample caselaw on the subject. At this time, given the lack of complexity as to the relevant

legal and factual issues and the extensive caselaw on the matter, this factor weighs against appointment of counsel.

### 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation

The third *Tabron* post-threshold factor considers whether Plaintiff will be able to conduct his factual investigation using the discovery mechanisms set forth by the Federal Rules of Civil Procedure. *Montgomery*, 294 F.3d at 503. This court is aware that it may be difficult for an indigent plaintiff to understand the complex rules of discovery. *Parham*, 126 F.3d at 460. Typically, this factor favors appointment of counsel when dealing with incarcerated plaintiffs who are limited by their confinement in their ability to conduct discovery. *Tabron,* 6 F.3d at 156. Here, Plaintiff is not incarcerated and has demonstrated his ability to understand procedures through documents submitted to the court. Plaintiff has already submitted a factual outline of his case and has cited specific documents that would assist him at trial. (Docket Entry No. 1 at 11-15). Although some factual investigation will be necessary, it does not appear that it will be unduly burdensome. Accordingly, this factor weighs against appointment of counsel.

### 4. The extent to which the case is likely to turn on credibility determinations

In *Parham*, the Third Circuit noted the difficulties associated with imagining a case that did not rely upon credibility determinations. 126 F.3d at 460. Thus, when analyzing this factor, a district court should assess whether or not the case will be solely a "swearing contest." *Id*. Currently, Defendant has a pending motion for summary judgment asserting that Plaintiff's claims are barred by the statute of limitations. However, should the case get beyond the pending

motion for summary judgment it could easily become a swearing contest. Plaintiff alleges that he was discriminated against due to his race and that Caucasian employees received more favorable treatment by Defendant. Defendant will presumably put forth witnesses testifying to non-race-based reasons for Plaintiff's termination. Because credibility determinations would appear to play a significant role, this factor weighs in favor of appointing counsel.

### 5.     Whether the case will require testimony from any expert witnesses

There is presently no indication that expert testimony will play a role in this case. While that may change as the case develops, this factor weighs against the appointment of counsel.

### 6.     The plaintiff's capacity to retain counsel on his own behalf

Before requesting counsel for the indigent civil litigant, the court should consider whether the plaintiff could retain counsel on his own. If the plaintiff can easily attain and afford counsel, then the court should not grant the *pro bono* request. *Tabron,* 6 F.3d at 157 n.5 (*citing Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989)). Conversely, if it is apparent that Plaintiff cannot obtain counsel, then the court should take this factor into consideration when making its overall determination. *Id.* Here, Plaintiff has stated only that he is not employed and does not have the resources to retain an attorney. (App. for *Pro Bono* Counsel, Docket Entry No. 11). Because Plaintiff does not provide any specific information about his financial status, this court is unable to analyze his financial need. Additionally, Plaintiff has not indicated whether or not he has made any attempts to retain counsel. Without additional information the court finds that this factor weighs against requesting *pro bono* counsel.

**IV.    CONCLUSION**

After reviewing the record in light of the *Tabron* factors, this court finds that Plaintiff's application does not warrant the granting of *pro bono* counsel.  Thus, Plaintiff's application for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.  Should the above factors change, Plaintiff is free to re-apply for *pro bono* counsel or the Court may request counsel *sua sponte*.

**THEREFORE,** after considering Plaintiff's application for *pro bono* counsel and for the reasons set forth in the above Opinion,

**IT IS ON this 11th day of July, 2008**,

**ORDERED** that Plaintiff Kenneth Thomas's application for appointment of *pro bono* counsel is hereby **DENIED WITHOUT PREJUDICE**.

                                    <u>s/ Esther Salas</u>
                                    **HONORABLE ESTHER SALAS**
                                    **UNITED STATES MAGISTRATE JUDGE**